BRUNSWICK–BALKE–COLLENDER CO. v. STATE.

No. 12273.

Court of Civil Appeals of Texas. Dallas.

June 3, 1936.

Bromberg, Leftwich, Carrington & Gowan, of Dallas, for appellant.

Robert L. Hurt, Dist. Atty., and W. F. Clark, Asst. Dist. Atty., both of Dallas, for the State.

JONES, Chief Justice.

This is an injunction suit instituted by appellee, the state of Texas, through Robert L. Hurt, criminal district attorney of Dallas county, against Little Bill's Billiard Parlor and Bill Tufaner, individually, in which it is alleged that Tufaner is owner and operator of Little Bill's Billiard Parlor at 1618 North Fitzhugh street in the city of Dallas, and that such business is operated in violation of law.

Appellee's petition made all of the allegations of fact necessary for the issuance of a writ of injunction, enjoining the unlawful operation of such business, under the provisions of article 4668, R.S. The petition was duly verified and a temporary restraining order was issued, ex parte, restraining the owner and all of those interested therein from operating a pool hall or billiard hall at such place until a named date, when the parties named as defendants were required to answer the suit. Before the day set for hearing, appellant, Brunswick-Balke-Collender Company, intervened in the suit and showed by pertinent allegations that it was the owner of an indebtedness against Bill Tufaner in an amount evidenced by six promissory notes representing the purchase price of the pool and billiard tables, cues, balls, and other paraphernalia necessary for the operation of a pool and billiard parlor, and that Tufaner, at the time he purchased said property from appellant, executed a valid and subsisting mortgage in appellant's favor on such property to secure such indebtedness. The petition in intervention shows that said property had been seized by the sheriff under order of the court, and was held by such sheriff. Such petition further shows that the debt had matured, together with 10 per cent. additional as attorney fees, in that Tufaner had defaulted in the payment of one of the notes, and, under the terms of the mortgage, appellant had the option to declare the entire indebtedness due, and also that Tufaner had violated the terms of the mortgage, in that he had put such property to an illegal use, contrary to a valid covenant in the mortgage. Appellant prayed that its debt be established and that said property be delivered to it under a provision in the mortgage.

Appellee filed a trial amendment and undertook to make appellant a party defendant to its injunction suit against Bill Tufaner, making allegations to the effect that appellant was guilty of selling or leasing billiard and pool tables, balls, and cues and other paraphernalia, to enable such persons to violate the law against the operation of pool halls, and did sell such property for such purpose to Tufaner, and prayed for an injunction against appellant to prevent such sales. To the trial amendment appellant filed a motion to strike and exceptions, briefly on the ground that a separate and distinct suit could not be alleged by trial amendment. The court sustained the exception, struck out the trial amendment, and appellee reserved no exception to such ruling. So the case is before this court with no pleading by appellee, asking for any affirmative relief against appellant.

After the hearing of the case, the court granted the injunction against Tufaner and against the Little Bill's Billiard Parlor, and permanently enjoined them from operating a pool hall. These parties did not answer in the lower court, have not appealed from the judgment, and it is final as to them. The court gave appellant judgment against Tufaner for the amount of its debt, in the principal sum of $363.28, with an additional 10 per cent. as attorney fee, and allowed interest at the rate of 6 per cent. per annum from the date of judgment, and for title and possession of the property on which appellant had a mortgage. The sheriff of Dallas county was directed to deliver to appellant the property described in the judgment. There is no appeal from this part of the judgment.

The court found as a fact that appellant is "aiding and abetting the defendant, Bill Tufaner, in the operation of the pool hall in question, illegally, and upon its own motion, it should be enjoined from knowingly furnishing, renting, leasing, selling or mortgaging or otherwise conspiring or conniving with said defendant, Bill Tufaner, or any other person in Dallas County, for the purpose of knowingly aiding and abetting in maintaining or operating any pool hall in Dallas County, Texas, in violation

of the laws of the State of Texas. * * *"

Based upon the above findings, the court entered in the judgment rendered the following decree, which is the basis of the appeal by appellant: "And, upon the Court's own motion, said intervenor, the Brunswick-Balke-Collender Company, is further enjoined from knowingly furnishing, renting, leasing, selling, mortgaging, or otherwise knowingly becoming a party to such law violations in Dallas County, by furnishing, renting, leasing, selling or mortgaging and supplying such pool tables, balls, cues and paraphernalia to any person or persons in Dallas County, to be knowingly used for the purpose of aiding and abetting in violating the laws of the State of Texas, and to each of these provisions of this paragraph the intervenor, the Brunswick-Balke-Collender Company excepts."

It indisputably appears from the record that the injunction against appellant is not based upon any pleading in the case; and that the judgment was entered and the injunction against appellant issued, not on the application of the Attorney General or the criminal district attorney of Dallas county, or on a suit instituted by a citizen of Dallas county, but solely by the court on its own motion. There are two basic reasons why the judgment granting the injunction is not valid: (1) Because there is no pleading which would authorize such an injunction; and (2) because the injunction in such a case is purely statutory, article 4668, R.S., providing only that such an injunction suit must be brought either by the Attorney General, a district or county attorney, or by a citizen, and no power is given a court to issue an injunction on its own motion. To permit a district judge, without suit by one of the designated parties, to enter on his own motion an order for injunction restraining the operation of a pool hall, would be to enlarge the statute and add thereto, "or by a district judge on his own motion when he believes, from facts in his possession, that a pool hall is being illegally operated." The courts cannot thus legislate.

We therefore hold that the portion of the judgment granting the injunction against appellant is invalid. Such holding must not be interpreted to mean that, in a proper suit under article 4668, appellant could not be restrained from "knowingly, furnishing, renting, leasing, selling, mortgaging, or otherwise knowingly becoming a party to such violations in Dallas County"; nor are we to be understood to hold that the order appealed from finds sufficient support in evidence. These matters are not passed upon.

It necessarily follows that, in our opinion, the judgment granting the injunction against appellant must be reversed and here rendered in its favor, dissolving said injunction, and it is so ordered.

Reversed and rendered, dissolving the injunction.